NO. 07-03-0146-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 11, 2003
_____

MICHAEL R. PALOMIN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 89-10-3257; HON. ANDY KUPPER, PRESIDING
_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Appellant Michael R. Palomin attempts to appeal *pro se* from the denial of his request for forensic DNA testing. The order denying his request was signed on September 5, 2002. The document, which we interpret as his notice of appeal, was filed with this court on March 24, 2003. Furthermore, we interpret it as a notice of appeal since it is entitled "Motion for Leave to File Out of Time Appeal" and evinces appellant's desire to appeal the trial court's ruling. *See Palma v. State*, 76 S.W.3d 638, 641 (Tex. App.–Corpus Christi 2002, pet. ref'd) (stating that a letter from Palma to the court clerk asking if he had an appellate attorney and an appeal bond sufficiently evinced a desire to appeal and,

therefore, constituted a notice of appeal). For the reasons set out, we must dismiss the appeal for lack of jurisdiction.

A timely filed notice of appeal is essential to invoke our appellate jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 ( Tex. Crim. App. 1996). To be timely, a notice of appeal (in a criminal matter) must be filed within 30 days after the date sentence is imposed or suspended in open court or within 90 days after the date sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a)(1) & (2). In a civil matter, the notice must be filed within 30 days of the date the trial court signed the final order or judgment or within 90 days if a timely motion for new trial is filed. *Id.* at 26.1(a). And, while an appellate court may extend the time to file a notice of appeal, the notice and request for an extension must be filed within 15 days of the original deadline for filing the notice of appeal. TEX. R. APP. P. 26. 3.

Irrespective of whether or not appellant timely moved for a new trial after his request for DNA testing was denied, the document we deem to be his notice of appeal was untimely. That is, it was filed long after 90 days lapsed from the date the order was signed. Similarly, his request to extend the appellate deadline is also untimely by approximately three months. Thus, we have no jurisdiction over the appeal. And, because we cannot create jurisdiction where none exists, *Slaton v. State*, 981 S.W.2d 208, 209-10 (Tex. Crim. App. 1998), we must dismiss the appeal. *Id.* at 210.[1]

Per Curiam

Do not publish.

---

[1]Because we have determined that we do not have jurisdiction over appellant's appeal, his "Motion for the Appointment of Attorney" is moot.